# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA MIDDLE DIVISION

| | |
|---|---|
| GEOFFREY TODD WEST, ) | |
| ) | |
| Petitioner, ) | Case No. |
| ) | |
| v. ) | **CAPITAL CASE** |
| ) | |
| COMMISSIONER, ) | |
| ALA. DEPT. OF CORRECTIONS, ) | |
| ) | |
| Respondent. ) | |

## MOTION FOR APPOINTMENT OF COUNSEL IN CAPITAL HABEAS CORPUS PROCEEDING PURSUANT TO 18 U.S.C. § 3599 AND PERMISSION TO EXHAUST STATE COURT REMEDIES

Geoffrey Todd West is an indigent prisoner presently under a sentence of death arising from a capital murder conviction in Etowah County, Alabama. Mr. West has previously sought – and been denied – federal habeas relief. *See, e.g., West v. Comm'r, Ala. Dep't of Corrs.*, 685 F.3d 1259 (11th Cir. 2012) (per curiam). For the reasons set forth below, Mr. West seeks to have undersigned counsel appointed to represent him to exhaust a claim he has raised in State court before bringing it in federal court (if he is unsuccessful in State court).

Several years after his federal habeas petition was denied, the Supreme Court issued *Hurst v. Florida*, 136 S. Ct. 616 (2016), in which it announced that Florida's

1

capital sentencing scheme – which was nearly identical to Alabama's – violated the Sixth Amendment. Within one year of *Hurst*, Mr. West filed a Petition for Relief from Illegal Sentence Pursuant to Rule 32 of the Alabama Rules of Criminal Procedure, alleging that, under *Hurst*, "Alabama's death penalty sentencing scheme as applied to [him] violates the Sixth Amendment[.]" *West v. Alabama*, Etowah Co. Cir. Ct. No. CC-1997-001105.61 (Jan. 11, 2017). Mr. West was appointed volunteer counsel and permitted to proceed *in forma pauperis* in that proceeding. Volunteer counsel is no longer able to represent Mr. West due to a change in employment. Recently, the circuit court indicated that it would issue an order denying relief on the petition, and directed the State to file a proposed order. The State has since filed such an order, and it is likely an order denying relief will be issued shortly.

In order to fully exhaust his State court remedies, Mr. West needs to subject his claim to one full round of State court review. The Capital Habeas Unit of the Federal Defenders for the Middle District of Alabama ("CHU") has represented Mr. West in proceedings related to a lethal injection protocol challenge, *see West v. Comm'r, Ala. Dep't of Corrs.*, Case No. 2:16-cv-00270-WKW-CSC (Apr. 15, 2016),[1] in which he also

---

[1] The case was later consolidated with those of other plaintiffs. Mr. West and his fellow plaintiffs prevailed on appeal to the Eleventh Circuit, and the matter was later resolved when Mr. West (and the other plaintiffs) opted for the new nitrogen hypoxia method of execution.

2

proceeded *in forma pauperis*. Mr. West wishes to have the CHU represent him in exhausting his State court claim prior to seeking federal habeas review.

To assist in the preparation and timely filing of such a federal habeas petition on this new issue, Mr. West respectfully requests that this Court appoint qualified federal habeas counsel pursuant to 18 U.S.C. § 3599. For the reasons set out below, he requests that this Court appoint the Federal Defenders for the Middle District of Alabama to represent him, and specifically, Matt Schulz, Assistant Federal Defender, as counsel of record.

Under 18 U.S.C. § 3599(a)(2), indigent death-sentenced inmates are "entitled to the appointment of one or more attorneys" in order to pursue federal habeas corpus remedies under 28 U.S.C. § 2254. "Under a straightforward reading of the statute, subsection (a)(2) triggers the appointment of counsel for habeas petitioners, and subsection (e) governs the scope of appointed counsel's duties."[2] It requires that at least one of the attorneys appointed to represent a capital habeas corpus petitioner must have been admitted to practice in the court of appeals for at least five years, with at least three years' experience handling felony appeals in that court.[3] Mr. West is indigent and undersigned counsel, Matt Schulz, meets those qualifications.

---

[2] *Harbison v. Bell*, 556 U.S. 180, 185 (2009).

[3] 18 U.S.C. § 3599(c).

3

**A.     Mr. West is indigent.**

Mr. West proceeded as an indigent litigant in his underlying State court matter, and in the Eleventh Circuit during his lethal injection litigation. His financial circumstances have not changed.

**B.     Undersigned counsel is qualified to represent Mr. West under 18 U.S.C. § 3599.**

The CHU is prepared to represent Mr. West in exhausting his State court matter prior to pursuing (if necessary) relief via a second initial habeas corpus petition and subsequent proceedings under 18 U.S.C. § 3599. The CHU represents clients in all three of Alabama's federal districts. Further, because it has its own litigation budget, appointment of the Alabama CHU would obviate the need for a budget conference. Undersigned counsel has been employed as an Assistant Federal Defender in the CHU since August 2008. Because of his employment as an Assistant Federal Defender, he is authorized to practice in the Court of Appeals for the Eleventh Circuit, and the Northern, Middle, and Southern Districts of Alabama, and has served as lead counsel in a number of cases in both the district courts, and handled briefing and oral argument on at least three capital cases in the Eleventh Circuit.  He also performed briefing and oral argument before the Eighth Circuit Court of Appeals while working at Nebraska Advocacy Services in Lincoln, Nebraska

4

from 2004-06.  Additionally, due to his clerkships for judges in both the Eighth and Ninth Circuit Courts of Appeal, he is member of the bars of those respective Courts.

### C.     Mr. West's case warrants appointment and permission to exhaust in State court.

"[I]ndigent state capital inmates are entitled to the appointment of federally funded counsel to assist them in the preparation and filing of a § 2254 federal habeas petition, perhaps even before they have sought state collateral relief."[4] Mr. West has been found indigent at all phases of the proceedings (and in his most recent federal litigation), and is presently indigent. And he has requested the representation from this Federal Defender's Office, which has qualified federal habeas counsel. As such, he is entitled to appointed counsel under 18 U.S.C. §3599.  It is within this Court's discretion to appoint federal habeas counsel now.

Mr. West must exhaust his State post-conviction claim concerning *Hurst*, and requires counsel to do so. Appointing the CHU and permitting attorneys with the office to assist in exhausting his State court remedies makes sense. Counsel meets the qualifications for appointment under and moves that this Court appoint the Federal

---

[4] *Lugo v. Sec'y, Florida Dep't of Corr.*, 750 F.3d 1198, 1213 (11th Cir. 2014). *See also* 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 855–56 (1994) (holding that the right to appointed counsel in federal habeas proceedings "adheres prior to the filing of a formal, legally sufficient habeas corpus petition" because it "includes a right to legal assistance in the preparation of a habeas corpus application").

Defenders for the Middle District of Alabama, specifically Assistant Federal Defender Matt Schulz, to represent Mr. West, pursuant to 18 U.S.C. § 3599, and authorize the office to exhaust Mr. West's State court remedies.

Respectfully submitted,

/s/ Matt D. Schulz
Matt D. Schulz
Assistant Federal Defender
Nebraska Bar #22968
Federal Defenders, Middle District of Alabama
817 S. Court Street
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

/s/ Matt D. Schulz
Matt D. Schulz