IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| GEOFFREY TODD WEST, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER, Alabama ) <br> Department of Corrections, ) <br> ) <br> Respondent. ) <br> ) | CIVIL ACTION NO. <br> 4:19-mc-00535-KOB |

## ORDER

This matter is before the court on Petitioner Geoffrey Todd West's "Motion for Appointment of Counsel in Capital Habeas Corpus Proceeding Pursuant to 18 U.S.C. § 3599 and Permission to Exhaust State Court Remedies." (Doc. 1). In his motion, filed by Matt D. Schulz of the Capital Habeas Unit of the Federal Defenders for the Middle District of Alabama, West asks this court to appoint Mr. Schulz pursuant to 18 U.S.C. § 3599, to represent him in state court, on appeal from the denial of his post-conviction petition. (*Id.* at 3). The motion is due to be denied because Petitioner is not entitled to federally paid counsel for the purpose of exhausting state postconviction remedies.

West is an inmate on Alabama's death row. After exhausting his appeals in state court, he filed a petition pursuant to 28 U.S.C. § 2254 in this court on August

29, 2008. *West v. Allen*, 4:08-cv-1576-IPJ-RRA. West's petition was denied on April 26, 2011. *West v. Allen*, 868 F. Supp. 2d 1224 (N.D. Ala. 2011). The Eleventh Circuit Court of Appeals affirmed the denial of the petition on July 2, 2012. *West, v. Comm'r, Alabama Dep't of Corr.*, 685 F.3d 1259 (11th Cir. 2012). The United States Supreme Court denied his petition for writ of certiorari on March 25, 2013. *West v. Thomas*, 568 U.S. 1255 (2013).

On January 11, 2017, West filed a successive petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure in the Circuit Court of Etowah County, Alabama. *See* https://v2.alacourt.com, *State of Alabama v. Geoffrey Todd West*, Case No. CC-1997-001105.61.[1] On January 12, 2017, the circuit court granted his motion to proceed *in forma pauperis* and appointed Stephen Anthony Stetson as counsel of record for West in the case. *Id*. The court dismissed West's petition on March 30, 2019. *Id*.

On April 4, 2019, West filed a motion in this court, seeking to have Mr. Schulz "appointed to represent him to exhaust a claim he has raised in State court before

---

[1] The court takes judicial notice of the state court records available on the state's Alacourt website. *See Keith v. DeKalb County, Ga.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) (taking judicial notice of DeKalb County Superior Court Online Judicial System pursuant to Federal Rule of Evidence 201); *see also Grider v. Cook*, 522 Fed. Appx. 544, 545 n.2 (11th Cir. 2013) ("the district court was permitted to take judicial notice of Grider's state court criminal proceedings").

bringing it in federal court (if he is unsuccessful in State court)." (Doc. 1 at 1). In the motion, Mr. Schulz explains that he is familiar with West, having represented him previously in proceedings related to a lethal injection protocol challenge, and claims that he is "qualified to represent West under 18 U.S.C. § 3599." (*Id*. at 2-5). West claims that although he was "appointed volunteer counsel and permitted to proceed in forma pauperis" in state court, "[v]olunteer counsel is no longer able to represent Mr. West due to a change in employment." (*Id*. at 2).

West cites *Lugo v. Sec'y, Florida Dep't of Corr*., 750 F.3d 1198 (11th Cir. 2014) in support of his argument that his case "warrants appointment and permission to exhaust in State court." (*Id*. at 5). In *Lugo*, the Eleventh Circuit stated "that indigent state capital inmates are entitled to the appointment of federally funded counsel to assist them in the preparation and filing of a § 2254 *federal* habeas petition, perhaps even before they have sought state collateral relief." *Lugo*, 750 F.3d at 1213 (emphasis added) (citing 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 855-56 (1994) (holding that the right to appointed counsel in federal habeas proceedings "adheres prior to the filing of a formal, legally sufficient habeas corpus petition" because it "includes a right to legal assistance in the preparation of a habeas corpus application")). However, in the next sentence, the *Lugo* court emphasized "that a state prisoner is not entitled, as a matter of statutory right, to have federally

3

paid counsel assist him in the pursuit and exhaustion of his state postconviction remedies, including the filings of motions for state collateral relief that would toll the one-year federal filing period." *Id*. (citing *Harbison v. Bell*, 556 U.S. 180, 189 (2009) (emphasizing that § 3599 does not "require federally funded counsel to represent her client in any state habeas proceeding occurring after her appointment"); *Gary v. Warden, Ga. Diagnostic Prison*, 686 F.3d 1261, 1274 (11th Cir. 2012) ("[A]n indigent prisoner . . . may receive § 3599 funding only for those proceedings that ordinarily occur subsequent to [the filing of a § 2254 petition]."); *King v. Moore*, 312 F.3d 1365, 1368 (11th Cir.2002) (holding, post-*McFarland*, that a state prisoner is not entitled to federally paid counsel for the purpose of pursuing state postconviction remedies); *In re Lindsey*, 875 F.2d 1502, 1506 (11th Cir. 1989) (holding, pre-*McFarland*, that the right to federally appointed counsel does not encompass "any proceedings convened under the authority of a State")).

The court noted that although it could have some discretion in this area, it would be an abuse of that discretion to appoint federal habeas counsel to represent a state prisoner in exhausting his state postconviction remedies *before* a federal petition has been filed. *Id*. at 1214 (emphasis added). The court noted that in some cases, it might be appropriate for "federal counsel to exhaust a claim in the course of her federal habeas representation," but that such representation would be appropriate

"only when a state petitioner is unable to obtain adequate representation, meaning that the provision of state-furnished representation renders him ineligible for § 3599 counsel until the commencement of [] § 2254 proceedings." *Id*.

The court added that mandating "the provision of federally funded counsel to assist a state prisoner in his pursuit of state postconviction remedies not only 'would increase the cost of implementing [§ 3599] enormously,' *Sterling v. Scott*, 57 F.3d 451, 457 (5th Cir. 1995), but also 'would have the practical effect of supplanting state-court systems for the appointment of counsel in collateral review cases,' *In re Lindsey*, 875 F.2d at 1506."[2] *Id*. Finally, the court concluded that it is "unlikely that

---

[2] Alabama Code § 15-12-23(a) provides that:

> In proceedings filed in the district or circuit court involving the life and liberty of those charged with or convicted of serious criminal offenses including proceedings for habeas corpus or other post-conviction remedies, the trial or presiding judge or chief justice of the court in which the proceedings may be commenced or pending may appoint counsel through an indigent defense system approved by the office to represent and assist indigent defendants if it appears to the court that the indigent defendant is unable financially or otherwise to obtain the assistance of counsel and desires the assistance of counsel and it further appears that counsel is necessary in the opinion of the judge to assert or protect the right of the indigent defendant.

Rule 32.7(c) of the Alabama Rules of Criminal Procedure provides that:

> If the court does not summarily dismiss the petition, and if it appears that the petitioner is indigent or otherwise unable to obtain the assistance of counsel and desires the assistance of counsel, and it further appears that counsel is necessary to assert or protect the rights of the petitioner, the court shall appoint counsel.

Congress intended either of these results when it authorized the appointment of federal counsel to aid state capital prisoners in seeking *federal* habeas relief in *federal* court." *Id*. (emphasis added) (citing *King*, 312 F.3d at 1368 (noting that it is "unlikely" that Congress intended "to provide counsel, at federal expense, to state prisoners engaged in state proceedings")).

Although West states that "[v]olunteer counsel is no longer able to represent [him] due to a change in employment," Mr. Stetson is still counsel of record in West's Rule 32 proceedings in state court. Mr. Stetson has not moved to withdraw as counsel in that case. No evidence indicates that if Mr. Stetson asked to withdraw as counsel, that request would be granted. And no evidence indicates that if Mr. Stetson were allowed to withdraw as counsel, the state court would not appoint another attorney to represent West on appeal from the denial of his Rule 32 petition.

West has no right to have federal counsel appointed to represent him in exhausting his postconviction remedies in state court. Therefore, his motion for appointment of counsel pursuant to 18 U.S.C. § 3599 to represent him in state court is DENIED.

**DONE** and **ORDERED** this 12th day of April, 2019

_____
  KARON OWEN BOWDRE
  CHIEF UNITED STATES DISTRICT JUDGE